CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK TODD SHOWALTER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00276 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, et al., | ) | By: Michael F. Urbanski |
| Defendants. | ) | United States Magistrate Judge |

Plaintiff Mark Todd Showalter, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Showalter alleges that he has been the subject of a conspiracy by corrections officials to brand him as a homosexual and child molester with the intention of causing physical or psychological harm; corrections officials have conspired to cover up an assault on him at one correctional facility in 2003; he was unlawfully subjected to electronic monitoring at another correctional facility in 2007; and that his petition for writ of certiorari to the Supreme Court of the United States was stolen from the mail while he was incarcerated in 2006. Showalter seeks $1.6 million in damages and wide ranging injunctive relief.

This matter is before the court pursuant to Standing Order of Reference dated May 26, 2006, for prisoner civil rights cases and the Order dated May 6, 2009, for consideration of Showalter's compliance with the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. 1997e, et seq., and the Federal Rules of Civil Procedure.

Showalter's complaint paints with a broad brush and attempts to join together in one action a variety of unrelated legal claims, typically alleging conspiracy to inflict physical and mental suffering on him. Not only does Showalter's complaint join in one action a wide swath of

unrelated legal claims, he seeks to join as defendants 49 individual correctional officials located at various facilities in Virginia. By so doing, however, Showalter both runs afoul of the joinder rules under the Federal Rules of Civil Procedure and the filing fee requirements of the PLRA.

Under Rule 18(a), which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. On its face, that is not the case here, and Showalter's case may not proceed as filed. Showalter's complaint further transgresses Federal Rules of Civil Procedure 8 and 10 because his complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is not set out in numbered paragraphs, each limited to a single set of circumstances.

Nevertheless, as Showalter is proceeding pro se and has paid the filing fee for one lawsuit, he will be permitted to file an Amended Complaint, meeting the requirements of Rule 20, within twenty (20) days of the entry of this Order. Such Amended Complaint may join multiple defendants ONLY if (1) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrences, AND (2) a question of law or fact common to all defendants exists. Should Showalter fail to timely file an Amended Complaint, or file an Amended Complaint that seeks to join disparate claims in violation of Rule 20, the undersigned will recommend dismissal of this case. Likewise, Showalter must comply

with Rules 8 and 10 of the Federal Rules of Civil Procedure by stating, in short numbered paragraphs, a plain statement of his claim.

I.

In this prisoner civil rights action, Showalter sues forty-nine employees or agents of the Virginia Department of Corrections ("VDOC"), including its director, the warden and assistant warden of two correctional facilities, Red Onion State Prison ("Red Onion") and Marion Correctional Treatment Center ("Marion"), and various correctional officers, hearing officers, institutional investigators, and medical staff at these institutions.

Showalter separates his lengthy complaint into four rambling "claims" which span various periods of his incarceration at Marion and Red Onion and concern separate and distinct events at such facilities.

(1) Claim 1. Conspiracy by prison officials at Marion and Red Onion to brand him a homosexual and child molester so that he will be physically or psychologically injured or tortured by prison staff and inmates. Certain of the facts alleged by Showalter include a false institutional rape charge at Marion on September 21, 2006 and attempted rape of him at Marion on July 19 and 29, 2006.[1]

---

[1] Certain of Showalter's claims are not new. Claim 1, for example, is the same claim asserted in Showalter v. Director, Virginia Dep't. of Corrections, Civil Action No. 7:05cv00651 (W.D. Nov. 2, 2005), and reiterated in Showalter v. Director, Virginia Dep't. of Corrections, Civil Action No. 7:07cv00700 (Nov. 21, 2005), both of which were dismissed pursuant to 28 U.S.C. § 1915(g) for failure to pay the filing fee or demonstrate that he is under imminent danger of serious physical injury.

3

(2) Claim 2. Conspiracy to cover up an assault at Red Onion on August 11, 2003.[2] This claim also includes allegations of tampering with legal mail concerning medical records in July, 2005.[3]

(3) Claim 3. Conspiracy to install and use on Showalter an "electronic tracking device system" at Marion in 2007 intended to wrongfully make all staff and prisoners believe that he is a homosexual so that he will be killed or psychologically tortured and to place false prison charges against him.

(4) Claim 4. Conspiracy by prison officials at Red Onion to steal a <u>certiorari</u> petition mailed to United States Supreme Court on February 27, 2006.

The convoluted nature of Showalter's complaint does not end there, however, as he has appended 100 "exhibits" to the complaint, stretching it to more than 300 byzantine pages. The exhibits reference at least three separate correctional facilities: Marion, Red Onion and Sussex I. Many of the exhibits are completely unrelated to the specific acts alleged in the complaint. For

---

[2]The court is familiar with Showalter's claim regarding the alleged assault on August 11, 2003 and the alleged ongoing conspiracy to kill him, as it was the subject of yet another suit filed by Showalter. Showalter v. Director, Virginia Dep't of Corrections, Civil Action No. 7:03cv00604 (Nov. 5, 2004).

[3]Showalter filed this suit on April 8, 2008. Given the two year statute of limitations applicable to § 1983 claims, it is likely that certain of Showalter's claims are time barred. For purposes of the statute of limitations, § 1983 claims are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989); see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Showalter's alleged constitutional violations took place in Virginia, and, therefore, the Virginia statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.

4

example, Exhibit 8 is a Red Onion disciplinary report for lewd or obscene acts by Showalter from February, 2003, and Exhibit 9 concerns his cell window being covered at Red Onion shortly thereafter for such inappropriate behavior. Exhibit 10 concerns another institutional indecent exposure charge from June 10, 2003. Exhibit 11 concerns a similar charge at Red Onion in July, 2003. Exhibits 15, 16, 17, 44, and 47 are emergency grievance forms filed by Showalter at Marion in July-August 2006 concerning a commissary request, lack of cool air, not being allowed to go to the gym, falsification of a shower log, failure to provide toilet paper and dim cell lights. Exhibits 28-31 pertain to denial of access to Showalter's personal property at Marion in 2007. Exhibits 75-79 reference missing mail directed to this court in 2004. Exhibits 83-85 are letters concerning Showalter's effort to retain a Roanoke attorney in late 2003-early 2004. Exhibits 89-93 involve an attempt by Showalter to obtain his mental health records at Sussex I State Prison in 2008. Finally, it appears that many of the so-called "exhibits" are nothing more than pleadings Showalter has filed in other cases in this court.

## II.

In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the PLRA. See Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997). Prisoner litigation continues to "account for an outsized share of filings" in federal courts. Woodford v. Ngo, 548 U.S. 81, 94, n.4 (2006). As the Supreme Court noted in Jones v. Bock, 549 U.S. 199, 203 (2007), "[m]ost of these cases have no merit; many are frivolous. Our legal system remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims

does not submerge and effectively preclude consideration of the allegations with merit." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). As Chief Justice Roberts noted in Jones,

> Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (PLRA enacted to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good.

549 U.S. at 203-04.

Specifically, Congress created the so-called "three-strikes" rule under section 1915(g) of the PLRA in order to provide an economic incentive to prisoners to "stop and think" before filing a meritless complaint. See Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007); Simba v. Branch, No. 1:07cv712, 2008 U.S. Dist. LEXIS 87728 (M.D.N.C. June 17, 2008). Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court has dismissed three previous actions filed by Showalter pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, Showalter may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). There is no suggestion of any such imminent danger in this case. "Imminent danger" for purposes of § 1915(g) requires a "real and proximate" threat of harm that is "imminent or occurring at the time the complaint is filed." Ciarpaglini v. Saini, 352 F.3d 328,

6

330 (7th Cir. 2003). Allegations of past injuries that have not recurred are not sufficient to show "imminent danger." Id. "By using the word 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001). The court previously has had the opportunity to consider Showalter's claim of imminent danger. Following an evidentiary hearing, the court determined that Showalter could not demonstrate imminent danger of serious physical injury from the very same conspiracy of correctional officials claimed in this case. Showalter v. Director, Virginia Dep't. of Corrections, Civil Action No. 7:03cv00604 (Report and Recommendation, Oct. 12, 2004, aff'd, Nov. 5, 2004). There is nothing in Showalter's complaint in this case to suggest a contrary result.

### III.

In any event, Showalter has paid the filing fee for this action of $350.00, and his case was filed. Showalter's tendering of one filing fee does not automatically allow this entire case to proceed further, however, as Showalter's complaint runs afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure concerning joinder of claims and parties. Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. See 6A Wright, Miller and Kane, Federal Practice and Procedure § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed).

7

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." Green v. Denning, No. 06-3298, 2009 U.S. Dist. LEXIS 15738, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id., quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Morass aptly describes the hundreds of pages of Showalter's convoluted filings in this case. But there is further substantive point beyond the practical requirements of case management.

To allow Showalter to pay one filing fee yet join disparate claims against dozens of parties flies in the face of the letter and spirit of the PLRA. Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." Id. As the court noted in Green:

> To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be "strike" under 28 U.S.C. § 1915(g).

2009 WL 484457, at *3. By naming forty-nine defendants at multiple locations and institutions and including numerous transactions or occurrences, Showalter's complaint does not comport with Rules 18 and 20 of the Federal Rules of Civil Procedure. The comments of Judge Caputo concerning the allegations in the prisoner case of Pruden v. SCI-Camp Hill, No. 3:07cv0304, 2007 U.S. Dist. LEXIS 36874, at *5-6 (M.D. Pa. 2007), are equally apropos here. He noted: "[p]laintiff's disparate claims share neither common legal issues nor common facts, and,

8

accordingly, they are inappropriate for joinder under Rule 20. A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated; the Defendants and the alleged actions are relatively unrelated, and they do not satisfy the elements of joinder." By joining of all of these claims and defendants in one case, Showalter seeks to bypass the PLRA's three-strikes provision and its filing fee requirement. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision); Pruden, 2007 U.S. Dist. LEXIS 36874, at *6 (M.D. Pa. 2007)("In being permitted to combine in one complaint several separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA."); Valdez v. Dretke, No. H-04-2038, 2007 U.S Dist. LEXIS 54851 (S.D. Tex. 2007) (denying amendment of prisoner complaint making allegations against other defendants and involving more than one transaction).

Accordingly, this lawsuit may not proceed as it is presently constituted as it improperly joins together multiple claims and multiple defendants. As noted below, although the case as presently filed will not be allowed to proceed, Showalter will be given an opportunity to file an amended complaint. The amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint, attachments, or amendments already filed. The complaint must comply with the joinder rules, the claim(s) set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences, and they must contain a question of law or fact common to all defendants. This procedure mirrors closely the approach recently taken by Judge Caputo in Pruden, No. 3:07cv0604, 2007 U.S. Dist. LEXIS 36874, at *8, and Judge Crabb in Muehl v. Thurmer, No.

9

09cv16, 2009 U.S. Dist. LEXIS 7243, 2009 WL 249978 (W.D. Wis. Feb. 2, 2009), and Banks v. Adler, No. 09cv009, 2009 U.S. Dist. LEXIS 9430, 2009 WL 330146 (W.D. Wis. Feb. 9, 2009).

## IV.

It bears noting further that Rules 18 and 20 are by no means the only procedural rules that Showalter's complaint violates. Although plaintiff, proceeding pro se, is entitled to substantial leeway in pleading, Haines v. Kerner, 404 U.S. 519, 521 (1972); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980), he is "not, however, free to ignore the Federal Rules of Civil Procedure." Pruden, 2007 U.S. Dist. LEXIS 36874, at *2. Showalter's complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) provides that a complaint "must contain" "a short and plain statement of the claim showing that the pleader is entitled to relief." Showalter's pleadings in this case to date consist largely of rambling diatribes against the entirety of the Virginia Department of Corrections, rather than specific, identifiable and cognizable claims of violations of his civil rights. To be sure, pleadings filed by pro se parties are to be liberally construed, but nothing in the case law, statutes, and federal rules obligates a court to pour through sprawling, amorphous tomes such as Showalter has filed in this case to attempt to ferret out a claim. Beaudett v. City of Hampton, 775 F.2d 1274, 1278-79 (4th Cir. 1985). This is especially true in this case in which Showalter makes sweeping conspiracy allegations against a large number of persons, and the broad, unstructured nature of the allegations themselves preclude a defendant from making any meaningful response. See Pruden, 2007 U.S. Dist. LEXIS 36874, at *6-7.

Further, Showalter's complaint fails the requirements of Rule 10(b), which requires a party to state its claims "in numbered paragraphs, each limited as far as practicable to a single set

10

of circumstances." Fed. R Civ. P. 10(b). As the court noted in Pruden, "[t]his non-compliance is not merely a technical defect, but frustrates the purpose of the Rules to 'secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The lack of separate paragraphs for each set of circumstances precludes a point of reference for the Defendants' answer(s), and the Court is unable to determine which allegations relate to which claims(s) and which Defendant(s)." 2007 U.S. Dist. LEXIS 36874, at *8. Showalter's failure to comply with Rule 10 is even more problematic in this case, as he has appended one hundred exhibits to his complaint, many of which are copies of pleadings from earlier cases. Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The inclusion of all of these exhibits only serves to compound the intractable problem of making sense out of, much less responding to, Showalter's complaint. Should Showalter elect to file an amended complaint, he must set forth his claims in short, concise, and plain statements, and in sequentially numbered paragraphs. He must also specify the actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought. If Showalter fails to timely file an amended complaint adhering to the standards set forth above, the undersigned will recommend dismissal of this case.

V.

Despite these multiple violations of the Federal Rules of Civil Procedure, as he has paid one filing fee, Showalter may, if he so chooses, pursue one lawsuit, properly filed and pled. To pursue any legal claim, however, Showalter MUST file a new amended complaint complying with Rules 8, 10, 18 and 20 of the Federal Rules of Civil Procedure. Showalter's convoluted

11

filings to date will not be considered by the court and should not be referenced by Showalter in any amended complaint.

This Order does not address Showalter's claims on the merits, and it does not mean that he loses his right to litigate any of the claims he has plead to date solely by virtue of this Order. Showalter may file completely separate lawsuits naming such defendants and claims. He simply may not litigate all of his unrelated claims against all these defendants in this single suit. Each new lawsuit will obligate Showalter to pay the $350.00 district court filing fee pursuant to 28 U.S.C. § 1915(g). Additionally, both the Amended Complaint and any new, separately filed, complaints will be subject to judicial screening under 28 U.S.C. § 1915A.

An Order consistent with this Memorandum Opinion will be filed this day.

Enter: This 12'th day of May, 2009.

Michael F. Urbanski
United States Magistrate Judge