CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 1 2009

JOHN F. CORCORAN CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK TODD SHOWALTER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00276 |
| | ) | |
| v. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| GENE M. JOHNSON, et al., | ) | By: Michael F. Urbanski |
| Defendants. | ) | United States Magistrate Judge |

Plaintiff Mark Todd Showalter, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In an Amended Complaint submitted pursuant to court order, Showalter alleges that prison officials used an electronic monitoring system to "brand" him as a homosexual as part of a broad conspiracy to punish and kill Showalter in violation of the Eighth Amendment. Showalter has sued six prison officials in both their individual and official capacities, requesting $6.5 million against each defendant.

This matter is before the court pursuant to the Standing Order of Reference, dated May 26, 2006 and an Order, dated May 6, 2009, for consideration of Showalter's compliance with the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, et seq., and the Federal Rules of Civil Procedure. Upon review, the undersigned **RECOMMENDS** that Showalter's Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous and fails to state a claim.

Showalter is incarcerated in the Virginia prison system. He has been convicted of crimes including abduction, rape, attempted rape, sodomy and attempted sodomy. Showalter, a frequent filer in this district, first submitted a complaint in this matter on April 8, 2008. That original complaint included hundreds of pages of allegations and supporting documents and attempted to join some forty-nine defendants from different locations and institutions in contravention of Federal Rules of Civil Procedure 8, 18 and 20. The court screened Showalter's complaint because the matter was filed pro se. Additionally, because Showalter had previously filed three suits dismissed as frivolous or malicious pursuant to the PLRA, Showalter was required to pay the court fee upon filing this suit. The disparate claims in Showalter's original complaint amounted to more than one suit properly raised in one matter, and effectively allowed Showalter to dodge the provisions of the PLRA. Accordingly, the court ordered Showalter to submit an Amended Complaint that complies with the Federal Rules of Civil Procedure. The court cautioned Showalter that any Amended Complaint would be reviewed under the provisions of 28 U.S.C. § 1915A. "Such Amended Complaint may join multiple defendants ONLY if (1) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrence, AND (2) a question of law or fact common to all defendants exists." Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694 *2 (W.D. Va. May 12, 2009).

Showalter has filed an Amended Complaint that seeks redress pursuant to 42 U.S.C. § 1983 against six officials in the state prison system for events alleged to have taken place at the Marion Correctional Treatment Center and Sussex I State Prison, both in Virginia. Showalter's Amended Complaint alleges a broad, though inchoate, conspiracy to label him as a homosexual,

thereby causing cruel and unusual punishment. Specifically, the Amended Complaint alleges that two of the defendants took part in the "using of a[n] electronic tracking devise system (hereafter as 'ETDS') to move such corruption and was a cause to such corruption to come upon me and against me, as in an conspired act and plot." The Amended Complaint further alleges that two of the defendants produced mental health records to cover up the alleged conspiracy. "They was very aware of such conspiracy, using of the ETDS in a delusional way to make me out to be a homosexual, as employees and prisoners was moved in the evil motivated scheme of things moving against me as the ETDS . . . conspiracy was the cause of the same." According to the Amended Complaint, the electronic device was "also used to inflict psychological torture and assaults and a movement to kill me." Showalter further claims that as a result of the conspiracy and an investigation into consensual sexual acts, he was transferred to Sussex I State Prison where he was "force[d] to take psychotic medication." He also claims that his "'treatment team'" illegally wrote that "'inmate appears [to be] paranoid and suspicious.'" As a result of this conspiracy, Showalter additionally contends that he was wrongly placed in a separate holding facility for investigation of sexual acts. Showalter requests a preliminary injunction barring such treatment, as well as the monetary damages already noted.

Showalter has raised many of the allegations at issue in prior filings, including in suits dismissed in 2004 and 2005. See Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694 *2 n. 1, 2, and 3 (W.D. Va. May 12, 2009).

## II.

28 U.S.C. § 1915A(b)(1) allows the court to identify and dismiss a complaint or portion of a complaint filed by a prisoner against a governmental officer or entity when the prisoner's

3

claim "is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ."[1] Frivolous, in the context of this provision, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Thus, judges possess the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factional contentions are clearly baseless." Id. at 327. Factual allegations that may be set aside are "claims describing fantastic or delusional scenarios . . . ." Id. at 328. "[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Williams, 504 U.S. 25, 32 (1992.) "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . ." but not merely when "the court finds the plaintiff's allegations unlikely." Id. at 33. Factually frivolous cases are those whose allegations are "so nutty, delusional or wholly fanciful as to be simply unbelievable." McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009)(internal quotations omitted). In reviewing these cases "[t]rial courts . . . are granted broad discretion in determining whether a suit is frivolous or malicious." White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Indeed, the Supreme Court has commented that "district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Denton, 504 U.S. at 33.)

Additionally, pursuant to 28 U.S.C. § 1915A(b)(1), the court shall review prisoner complaints to determine if the complaint fails to state a claim upon which relief maybe granted.

---

[1]28 U.S.C. § 1915A was added to the code in 1996. It contains nearly identical language to 28 U.S.C. § 1915(d)(1988) and to 28 U.S.C. § 1915(e)(2), both of which provide for the screening of prisoner petitions filed in forma pauperis.

4

"Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327.).

In reviewing prisoners' cases, it is not the role of the district court to interpret the complaint to state additional claims or to "supply an allegation of injury different from the injury specifically alleged by [the plaintiff]." Farabee v. Feix, 119 F.App'x 455, 458 (4th Cir. 2005). Though courts are to construe pro se cases broadly, "[d]istrict judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also, Long v. Horton, 865 F.2d 855 (4th Cir. 1988) (unpublished table decision) (district courts need not "construct" claims from "obscure references" and appellate courts should not consider those references on appeal).

## III.

Upon review, the undersigned **RECOMMENDS** that Showalter's claims be dismissed because Showalter's claims lack any conceivable basis in fact and fail to state claims upon which relief may be granted. First, Showalter's factual claims, made in support of his broad claim that Virginia officials from different institutions have a conspiracy to kill or punish Showalter in contravention of the Eighth Amendment, make no sense whatsoever. Showalter claims that the defendants used an unspecified electronic device to "brand" him as a homosexual in order to punish him and harm him. As such, he presents a claim that is "simply unbelievable" within the standard of McLean. The conspiracy alleged by Showalter is nothing short of bizarre. There role and use of the alleged electronic monitoring device is unclear in Showalter's Amended

5

Complaint, and thus case falls squarely within the category of factually frivolous cases defined in McLean as being "so nutty, delusional, or wholly fanciful as to be simply unbelievable." 566 F.3d at 399. There is no rational basis to support Showalter's claim that an unspecified electronic monitoring device can somehow "brand" an individual as a homosexual. Showalter's claim that the defendant officials used "movement" and "corruption" to attempt to kill him is likewise nonsensical. Again, the claims are unclear and unbelievable.[2]

Showalter has filed a number of exhibits setting forth alleged facts in an attempt to explain the alleged conspiracy to brand him as a homosexual. However, rather than confirming Showalter's account, these declarations merely serve to underline the fantastic elements of his claims. For example, Showalter's extended statement of facts, also received by the court on July 7, 2009, includes allegations that the defendants "used of the ETDS and hot prisoners to move their delusions and false records of documentation in the making me out to be a homosexual." These allegations do not make sense; they are "delusional" and "wholly fanciful." McLean, 566 F.3d at 399.

In stark contrast to Showalter's fanciful claims, the law requires that in order to state a claim under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by

---

[2]Some of Showalter's claims are barred from consideration by the applicable statute of limitations. Actions pursuant to 42 U.S.C. § 1983 are governed by state statutes of limitations. Houghton v. Com. of Va., 947 F.2d 941, 941 (4th Cir. 1991); Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir. 1981). In Virginia, § 1983 suits must be filed within two years of the event causing the alleged constitutional violation. Houghton, 947 F.2d at 941. For example, Showalter alleges that his transfer from Red Onion State Prison to the prison in Marion, Virginia on March 9, 2006 was caused by wrongful information. Such a claim is untimely.

Showalter previously raised many of the arguments at issue here in lawsuit dismissed in 2004 and 2005. However, Showalter now claims that the events at issue took place in 2006 and 2007. He does not reference his prior suits, even though if the facts as he alleged them are true, such a long history of the conspiracy would be important. This inconsistency underlines the frivolity of this claim.

the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An essential element in any claim of conspiracy is to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001, 1007 (4th Cir. 1987), cert. denied, 484 U.S. 897 (1987). Without such a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy. Murdaugh Volkswagon v. First National Bank, 639 F.2d 1073 (4th Cir. 1981). The plaintiff must allege facts which show that the defendants shared a "unity of purpose or common design, or a meeting of minds in an unlawful arrangement" to injure the plaintiff. American Tobacco Co. v. United States, 328 U.S. 781, 809 (1946). A complaint must do more than make conclusory allegations of a conspiracy under §1983. If a complaint fails to allege facts showing any agreement or meeting of the minds among the defendants, the court may properly dismiss it. See Tate v. Bondurant, 966 F.2d 1444 (4th Cir. 1992)(unpublished table decision)(affirming dismissal of complaint alleging conspiracy where complaint alleged only general facts); Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir. 1989). In support of his conspiracy claims, Showalter asserts that numerous prison officials, some named and some unnamed, asked Showalter, "'Do you like the prison and inmate security management system'? My question back to each employee at Marion after each had made of said noted statement me was, 'what do you mean'? Each employee responded by saying to me, 'we have taken care of you'." Such statements fall far short of stating a claim of conspiracy to deprive Showalter of his rights. Similarly, Showalter alleges that he was told the following:

Case 7:08-cv-00276-SGW-mfu   Document 33   Filed 10/01/09   Page 7 of 12   Pageid#: 646

> "It's amazing what a delusional can do." "We have made you our sex
> slave and we'll take good care of you." "Remember when you was
> on 1-C and 2-D." - Then each of the other above named employees
> said: "Mr. Showalter, your ours now." "You have a nice day."

Such strange assertions likewise fail to establish the elements of a conspiracy to violate his constitutional rights. As such, the undersigned **RECOMMENDS** that Showalter's fanciful and farfetched claim that he has been victimized by an electronic scheme to brand him as a homosexual must be dismissed.

In support of his conspiracy claim, Showalter includes a laundry list of allegations, including that prison officials used other prisoners, mental health officials and the Federal Bureau of Investigation to falsify mental health reports and other records to say that Showalter is a homosexual.[3] Additionally, Showalter claims that prisoners, at the direction of prison officials, falsely claimed to have observed Showalter engaging in sexual advances towards other prisoners.

---

[3]Showalter claims that prison officials led prisoners to file false reports about Showalter, claiming that Showalter had made sexual advances to other prisoners. The mere fact that a prison official has filed false information in a prison file does not establish a constitutional harm. Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986) (holding that "the mere filing of [a false] charge itself does not" constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges" where a protected liberty interest is at stake); Williams v. Collins, No. 7:08-cv-00174, 2008 WL 523993 (W.D. Va, February 25, 2008). In contrast, a claim that false reports were made in retaliation for the exercise of constitutional rights may be cognizable. McIntosh v. Freeman, 66 F.3d 316 (4th Cir. 1995)(table). However, to the degree that Showalter attempts make such a claim, it is premised on the incredible conspiracy and thus is frivolous.

Showalter also complains that his mental health records contain fabrications. He states generally in his Amended Complaint that such fabrications led to psychological torture, his transfers between institutions, and led the prison system to give him "psychotic medication." For the reasons set forth in the following footnote, Showalter does not have a claim pertaining to these alleged harms.

Additionally, Showalter has not set forth facts providing a basis for a "forced medication" claim under 28 U.S.C. § 1983. To allege a cognizable claim regarding forcible medication, a plaintiff must allege that a properly identified defendant "did not exercise professional judgment in administering the drugs." Farabee, 119 F. App'x at 458, n. 3 (internal quotations omitted). Showalter refers variously to his "treatment team" and other medical personnel. Thus, he does not properly identify a defendant responsible for the medication. Further, he makes no allegations regarding professional judgment. Rather, his claim is that the medication was administered to make him out to be a homosexual, a claim the undersigned finds both dubious and meritless.

8

Showalter further claims that he was segregated from the general prison population[4] and that

officials from the Virginia Department of Corrections failed to respond to Showalter's

grievances, conspired to stop him from taking part in an emergency grievance process and that

former Virginia State Attorney General Robert McDonnell refused to take Showalter's letters.

Showalter also claims that he was subject to two attempted rapes. [5] The essence of Showalter's

claims remains the same: the facts are offered in support of his claim that the defendants are

_____

[4]Showalter appears to claim that his transfers between prisons, and to a holding area outside of the general prison population, were due to false reports. Showalter has failed to state a claim upon which relief may be granted. "Although the Fourteenth Amendment prohibits a state from depriving a defendant of liberty without due process of law, when the defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of his sentence." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Thus:

> changes in a prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges-matters which every prisoner can anticipate are contemplated by his original sentence to prison-are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage the prisons safely and efficiently.

Id. A change in prison conditions is constitutionally suspect if it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson v. Austin, 545 U.S. 209, 223 (2005)(quoting Sandin v. Conner, 515 U.S. 472, 483 (1995)). Again, Showalter has not alleged that his prison conditions imposed an "atypical and significant hardship." Showalter merely contends that he has been transferred between Virginia institutions, that he has at times he has been segregated from the general prison population, or required to use the toilet in his cell rather than the general bathrooms. As such, he fails to state a Due Process Claim as related to any of his transfers or changes in incarcerated status.

Similarly, Showalter has failed to state that the prison transfers resulted in confinement that violates the Eighth Amendment. The Fourth Circuit has recognized that administrative segregation in of itself is not cruel and unusual. Bevrati v. Smith, 120 F.3d 500, 503 n.5 (4th Cir. 1997)(administrative segregation not cruel and unusual punishment).

[5] Showalter claims in brief references in exhibits that prisoners attempted to rape him on May 21, 2006 and again on July 19, 2006. He claims that these events were somehow connected to his "treatment team" and were the result of the ETDS bracelets. As such, he fails to state facts that link the alleged attempted rapes to the named defendants. In making a claim regarding prison injury, a prisoner must show that he or she was subject to serious harm as a result of the "deliberate indifference" of prison officials. See, Farmer v. Brennan, 511 U.S. 825, 834-35 (1994)(deliberate indifference has a subjective component). Showalter makes no such showing, merely relying on the alleged existence of the broad conspiracy.

9

involved in a complex and far reaching conspiracy to brand him as a homosexual, in order to subject him to harm in violation of the Eighth Amendment. Showalter's attempt to cobble together a variety of alleged institutional problems cannot resuscitate an otherwise baseless conspiracy claim. Considering all of Showalter's claims together, he fails to state a claim of constitutional dimension.

Nor should these alleged facts be interpreted to create other, independent claims of action. The Fourth Circuit addressed how to interpret facts made in support of one, stated legal claim that can hypothetically be interpreted to create other, separate legal claims in Farabee v. Feix, 119 F.App'x at 455. There, the plaintiff had set forth facts under 28 U.S.C. § 1983 claiming he had been forced to take anti-psychotic medication that prevented his guilty plea from being knowing, voluntary and intelligent. Those same facts could also have provided a basis for a variety of other § 1983 claims. The district court declined to interpret those factual allegations as creating those other claims and dismissed plaintiff's complaint for its failure to state a claim. The district court reasoned that creating the other claims would have required the court to establish and provide portions of plaintiff's legal claims; it declined to do so and the Fourth Circuit affirmed this decision. The same logic should be applied in this instance. To construe Showalter's ramblings as independent claims cognizable under § 1983 would require the court to supply a basis for those claims, and give them emphasis that Showalter did not.

Moreover, to consider Showalter's various and sundry claims independently would allow Showalter to dodge the requirements of the prior Memorandum Opinion and of the PLRA. Showalter's Amended Complaint makes reference to alleged incidents involving individuals other than the named defendants, such as Colonel Bane and unnamed prisoners. Having found

10

the alleged conspiracy to be frivolous, Showalter's other factual allegations lack a common transaction or related series of events. To that end, they are not linked and they violate the requirement that one matter be raised per case. Considering his claims independently now would allow Showalter to avoid the provisions of the PLRA that require him to pay a filing fee per case. Accordingly, the undersigned further **RECOMMENDS** that the Amended Complaint be dismissed, in its entirety. Having found no basis for relief for Showalter, the undersigned also **RECOMMENDS** that Showalter's request for a preliminary injunction be denied.

### IV.

In conclusion, the undersigned **RECOMMENDS** that this action be **DISMISSED**. The Clerk is directed to transmit the record in this case to Honorable Samuel G. Wilson, United States District Judge. Plaintiff is reminded that pursuant to Rule 72(b), he is entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

///

///

///

///

11

The Clerk of the Court is directed to send copies of this Report and Recommendation to plaintiff.

Enter: This 1st day of October, 2009.

Michael F. Urbanski
United States Magistrate Judge