CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 20 2009

JOHN F. CORCORAN, CLERK
BY: /s/ S. Taylor
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MARK TODD SHOWALTER, ) | Civil Action No. 7:08cv00276 |
| Plaintiff, ) | |
| ) | **ORDER ADOPTING REPORT** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| GENE JOHNSON, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Mark Todd Showalter brings this action pursuant to 42 U.S.C. § 1983, alleging that prison officials used an electronic monitoring system to "brand" him as a homosexual as part of a broad conspiracy to punish and kill Showalter. The court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), for consideration of Showalter's compliance with the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e), et seq., and the Federal Rules of Civil Procedure. The Magistrate Judge subsequently filed a report, finding that Showalter's complaint was frivolous and failed to state a claim. Accordingly, the Magistrate Judge recommended that the court dismiss Showalter's complaint and deny his request for a preliminary injunction. Showalter filed objections within the ten days allotted under 28 U.S.C. § 636(b), largely reiterating the arguments made in his pleadings.[1] Having reviewed the Report and

---

[1] In his objections, Showalter states that "Judge Wilson should not have been assigned to this case . . . because . . . Judge Wilson is prejudiced against [him] . . ." because the undersigned "wrongfully" dismissed a prior case that Showalter filed in 2005. Although not filed as a motion for recusal, the court construes his statements as such and denies it.
   Two federal statutes govern judicial recusal: Section 144 and Section 455 of Title 28 of the United States Code. Section 144 requires the petitioner to file an affidavit and a certificate of counsel of record stating the claim is made in good faith; Section 455 is self-activating and does not require such procedural steps. Because Showalter did not follow the procedural requirements of Section 144, the court construes his motion for recusal under Section 455. See Givens v. O'Quinn, No. 2:02cv00214, 2005 U.S. Dist. LEXIS 31597, at *5-6 (W.D. Va. Dec. 7, 2005) (determining recusal under § 455 since plaintiff did not file an affidavit or certificate required by § 144) (citing Liljeberg v. Health Svcs. Acquisition Corp., 486 U.S. 847, 871 n.3 (1988); Kidd v. Dalkon Shield Claimants Trust, No. 3:96cv642, 1996 U.S. Dist. LEXIS 21735, *4 (E.D. Va. Sept. 13, 1996)).
   Showalter has not shown adequate bias or partiality to support recusal. A United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2008). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. at (b)(1). Partiality requires an apparent wrongful or inappropriate disposition toward a party. United States v. Gordon, 61 F.3d 263, 267 (1995) (citing Liteky v. United States, 510 U.S. 540, 552 (1994)). Bias requires "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess[,] . . . [or]

Recommendation, the objections thereto, and pertinent portions of the record de novo in accordance with § 636(b)(1), the court agrees with the Magistrate Judge's recommendation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Showalter's objections are **OVERRULED**; the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety; Showalter's complaint is **DISMISSED** as frivolous and for failure to state a claim; his request for a preliminary injunction is **DENIED**; to the extent he requests the appointment of counsel to assist him in this case, his request is **DENIED**; and this action is **STRICKEN** from the active docket of the court.

The Clerk of the Court is directed to send a copy of this Order to the plaintiff.

**ENTER:** This 20th day of October, 2009.

_____
United States District Judge

---

is excessive in degree . . . ." Liteky, 510 U.S. at 550 (original emphasis). Bias or partiality, however, are not "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555-56.

Alleging bias or prejudice of a judge's views or rulings that arise from facts or events of current or prior proceedings is an insufficient basis for recusal unless the opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. See Berger v. United States, 255 U.S. 22, 28-29 (1921) (recusing federal judge from trial for stating, "One must have a very judicial mind, indeed, not be to prejudiced against the German Americans in this country. Their hearts are reeking with disloyalty."). Even remarks made "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555. Additionally, a judge is not required to recuse himself simply "because of unsupported, irrational, or highly tenuous speculation[.]" United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (citation omitted).

Showalter's ground for recusal stems solely from court proceedings, and the law is clear that judicial viewpoints arising from court proceedings are not a sufficient basis for recusal. Accordingly, the undersigned finds no ground to recuse and, therefore, denies his motion. See United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991).

2